IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPIRNGS DIVISION

WANDA LOUISE MITCHELL                                                         PLAINTIFF

v.                                              CIVIL NO. 16-6011

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Wanda Louise Mitchell, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on September 17, 2012, alleging an inability to work since August 29, 2012, due to a limited use of the right hand, breathing problems, a leg problem, fibromyalgia, depression, and high blood pressure. (Doc. 10, pp. 59, 168, 172). An administrative video hearing was held on January 7, 2014, at which Plaintiff appeared with counsel and testified. (Doc. 10, pp. 35-56).

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated September 26, 2014, the ALJ found Plaintiff was not disabled prior to September 24, 2014, but that Plaintiff became disabled on September 24, 2014, and remained disabled through the date of the decision. (Doc. 10, p. 16).  Specifically, the ALJ found that since August 29, 2012, Plaintiff had the following severe impairments: chronic obstructive pulmonary disease (COPD); right hand carpal tunnel syndrome (CTS) status-post release; hypertension; chronic pain disorder; lumbar spine degenerative disc disease; and depression.  (Doc. 10, p. 18).  However, after reviewing all of the evidence presented, the ALJ determined that since August 29, 2012, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Doc. 10, p. 19).  The ALJ found that since August 29, 2012, Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). However, she can have no exposure to moderate amounts of respiratory irritants such as fumes, odors, or gasses.  Furthermore, her right hand is used as an assistive device only for work duties.  In addition, the work is limited to work where interpersonal contact would be incidental to the work performed; complexity of one to two step tasks would be learned and performed by rote, with few variables and little judgment; and supervision required would be simple, direct and concrete.  The work must be limited to SVP1 or 2 jobs that could be learned within 30 days.

(Doc. 10, p. 20). With the help of a vocational expert, the ALJ found Plaintiff was not disabled prior to September 24, 2014, as she was able to perform work as a cafeteria server, and an office helper.  (Doc. 10, pp. 27-28).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff denied that request on December 11, 2015. (Doc. 10, pp. 5-10).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is

before the undersigned pursuant to the consent of the parties. (Doc. 7).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 11, 21).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable

3

by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

**III.   Discussion:**

Plaintiff argues the following issues on appeal: 1) ALJ's determination that Plaintiff does not meet Listings 1.02 and 1.04 is not supported by substantial evidence; 2) the ALJ erred in discrediting Plaintiff's pain and other non-exertional limitations; and 3) the ALJ erred in determining Plaintiff maintained the RFC to perform light work.

    **A.   Listing 1.02 and 1.04:**

Plaintiff argues that the ALJ erred by failing to determine that Plaintiff's impairments medically equal Listing 1.02 and 1.04 for disorders of a joint or the spine, respectively, as listed in the Listing of Impairments pursuant to 20 CFR Part 404, Subpart P, Appendix 1.

The burden of proof is on the Plaintiff to establish that her impairments meet or equal a listing. See Sullivan v. Zebley, 493 U.S. 521, 530-31, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990). To meet a listing, an impairment must meet all of the listing's specified criteria. Id. at 530, 110 S.Ct. 885 ("An impairment that manifests only some of these criteria, no matter how severely, does not qualify."); Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004). "Medical equivalence must be based on medical findings." 20 C.F.R. § 416.926(b) (2003); Sullivan, 493 U.S. at 531 ("a claimant ... must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment"). In this case, the ALJ explicitly found that no treating or examining physician mentioned findings equivalent in severity to the criteria of a listed impairment, and that the medical evidence does not show medical findings that are the same or equivalent to a listed impairment.

The Court finds, based upon the record as a whole, as well as the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. After reviewing the entire evidence of record, the Court finds there is sufficient evidence to support the ALJ's determination that Plaintiff's impairments did not medically equal Listings 1.02 or 1.04 during the time period in question.

### B. Subjective Complaints and Symptom Evaluation:

We now address the ALJ's assessment of Plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See

5

Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record reveals that during the time period in question, Plaintiff was able to take care of her personal needs; to prepare simple meals; to do light house cleaning and laundry, slowly; to drive; to shop for food; and to count change and pay bills. (Doc. 10, pp. 211-218). Plaintiff also indicated that she was able to lift twenty pounds with her right hand, but not all the time; and that bending, kneeling, walking, squatting, and reaching caused pain. Id. at 216. At the administrative hearing in January of 2014, Plaintiff testified that she was able to take care of her personal needs; that she tried to help her daughters clean her home; that she sometimes went to the store to purchase food with her daughters; and that her grandchildren sometimes come over to her house with her daughters. (Doc. 10, pp. 43-44). Plaintiff further testified that her doctors had not restricted her activities. Id. at 45.

With respect to Plaintiff's hand impairment, the record revealed that in July of 2012, Plaintiff's hand surgeon, Dr. Richard S. Wirges, released Plaintiff to return to light work. (Doc. 10, pp. 385-386). While Plaintiff underwent subsequent trigger release surgeries, the record revealed that after the 2013 trigger release, Dr. Wirges indicated that Plaintiff would undergo physical therapy and would need to return for a follow-up appointment in one month. (Doc.

6

10, p. 381). A review of the record fails to show Plaintiff underwent physical therapy or that she returned to Dr. Wirges for a follow-up appointment. An examination in January of 2014, revealed that Plaintiff denied experiencing joint pain or swelling. (Doc. 10, p. 452). A musculoskeletal examination on that date revealed that Plaintiff had a full range of motion, 5/5 muscle strength, and no gross abnormalities. The Court finds substantial evidence to support the ALJ's determination that Plaintiff did not have a disabling hand impairment during the time period in question.

With respect to Plaintiff's alleged disabling COPD, Plaintiff's medical providers recommended that Plaintiff stop smoking and despite these recommendations, Plaintiff continued to smoke throughout the relevant time period. See Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir.1997) (noting that a failure to follow prescribed treatment may be grounds for denying an application for benefits). This is not a case in which the correlation between Plaintiff's smoking and Plaintiff's impairment is not readily apparent. Mouser v. Astrue, 545 F.3d 634, 638 (8th Cir. 2008) (citations omitted). To the contrary, there is no dispute that smoking has a direct impact on Plaintiff's pulmonary impairments. Thus, the ALJ appropriately considered Plaintiff's failure to stop smoking. Id.

With regard to Plaintiff's alleged degenerative disc disease, the ALJ found that while Plaintiff may indeed have some limitations, the evidence did not support a finding of disability during the time period in question. While Plaintiff may indeed have experienced some degree of pain due to her back impairment, the Court finds substantial evidence of record supporting the ALJ's finding that Plaintiff did not have a disabling back impairment during the time period in question. See Lawrence v. Chater, 107 F.3d 674, 676 (8th Cir. 1997) (upholding ALJ's

determination that claimant was not disabled even though she had in fact sustained a back injury and suffered some degree of pain).

With respect to Plaintiff's alleged mental impairments, the record fails to establish that Plaintiff sought on-going and consistent treatment from a mental health provider during the time period in question. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability). While Plaintiff may have some limitations due to her mental impairments, the Court finds substantial evidence to support the ALJ's determination that Plaintiff did not have a disabling mental impairment.

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she was unable to engage in any gainful activity during the time period in question. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### C. ALJ's RFC Determination and Medical Opinions:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical

8

evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

In determining that Plaintiff maintained the RFC to perform light work with limitations prior to September 24, 2014, the ALJ considered the medical assessments of the examining and non-examining agency medical consultants; Plaintiff's subjective complaints; and her medical records. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the time period in question.

### D.     Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a cafeteria server and an office helper prior to September 24, 2012. Pickney v. Chater, 96 F.3d

294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## IV.     Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 3rd day of March, 2017.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE